**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------- X

ILISIA WALKER, Individually and as Proposed
Administrator of the Estate of AARON GAUSE,
Deceased,

                          Plaintiff,

    -against-

COUNTY OF SUFFOLK; SUFFOLK COUNTY
SHERIFF'S OFFICERS JOHN and/or JANE DOES 1, 2,
3, ETC., and YAPHANK CORRECTIONAL FACILITY
MEDICAL OFFICIALS JOHN and/or JANE DOES 1, 2,
3 ETC. in their individual and official capacities,

                       Defendants.
-------------------------------------------------------------------- X

**COMPLAINT**

**JURY TRIAL**
**DEMANDED**

       Plaintiff ILISIA WALKER, individually and as proposed administrator of the estate of

AARON GAUSE, deceased, by her attorneys, Beldock Levine & Hoffman LLP, as and for her

complaint, alleges as follows:

**PRELIMINARY STATEMENT**

       1.    This is a civil rights action brought by ILISIA WALKER, individually and as

proposed administrator of the estate of AARON GAUSE, for the wrongful death of her son.

       2.    At approximately 6:10 am on November 25, 2016, Aaron Gause was found

unresponsive in his jail cell at Yaphank Correctional Facility ("Yaphank"). On November 23rd,

while in the custody of the Suffolk County Department of Corrections, Mr. Gause was transported

from Yaphank to Brookhaven Memorial Hospital, where he showed signs consistent with drug

withdrawal and was diagnosed with an irregular heartrate. Despite this diagnosis and the physical

symptoms he displayed, Mr. Gause did not receive heighted supervision or subsequent medical

treatment when he returned to Yaphank. Less than a day after Mr. Gause's hospital visit, he was

left alone in a cell for several hours, before a Suffolk County Sherriff's officer discovered his

lifeless body. Mr. Gause was rushed to Brookhaven Memorial Hospital on the morning of November 25, 2016, where he was later pronounced dead, at the age of twenty-five.

3.      Plaintiff now seeks redress for the substantial injuries she and her deceased son, Aaron Gause, suffered: (i) compensatory damages for Mr. Gause's wrongful death, psychological and emotional distress, and other financial loss caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional law; and (iii) such other and further relief, including costs and attorney's fees, as this Court deems equitable and just.

## JURISDICTION

4.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (a)(4), as this action seeks redress for the violation of plaintiff's constitutional and civil rights.

5.      Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state law claims that are so related to the federal claims that they form part of the same case or controversy.

## VENUE

6.      Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the events giving rise to plaintiff's claims took place.

## JURY DEMAND

7.      Plaintiff demands a trial by jury in this action on each and every one of her claims for which jury trial is legally available.

## THE PARTIES

8.     Aaron Gause was a 25-year-old, college educated, lifelong New York State resident. Prior to his death, he resided in the Town of Freeport, County of Nassau, and State of New York.

9.     Plaintiff Ilisia Walker is the surviving mother of Mr. Gause. Ms. Walker is currently preparing an application seeking to be named as administrator of Mr. Gause's estate. Ms. Walker resides in the Town of Freeport, County of Nassau, and State of New York.

10.    Defendant THE COUNTY OF SUFFOLK ("The County") is a municipal entity created and authorized under the laws of the State of New York.

11.    The County is authorized by law to maintain a police department, and does maintain the SUFFOLK COUNTY SHERIFF'S OFFICE ("SCSO"), which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The County assumes the risks incidental to the maintenance of a police force and the employment of police officers.

12.    The County is authorized by law to maintain a correctional facility, and does maintain the YAPHANK CORRECTIONAL FACILITY ("Yaphank"), which serves as a detention facility for the County. The County is responsible for staffing Yaphank and assumes the risks incidental to the maintenance of the facility.

13.    Defendants SCSO Correction Officers "JOHN and/or JANE DOES" 1, 2, 3, etc., and Yaphank Medical Officials "JOHN and/or JANE DOES" 1, 2, 3, etc. are Suffolk County officials who were deliberately indifferent to Mr. Gause's serious medical condition. Each defendant was an employee of Suffolk County and, at all relevant times herein, acting within the course and scope of that relationship.

14.    Defendants SCSO Correction Officers "JOHN and/or JANE DOES" 1, 2, 3, etc., and Yaphank Medical Officials "JOHN and/or JANE DOES" 1, 2, 3, etc. acted negligently,

wrongfully, or are otherwise responsible in some manner for the injuries and damages sustained by Mr. Gause as set forth herein.

15.     Upon information and belief, defendants DOES are still Suffolk County officials.

16.     At all times relevant herein, defendants DOES have acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and/or officers of the County and/or SCSO and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the County and/or the SCSO.

17.     At all times relevant herein, defendants DOES violated clearly established rights and standards under the United States Constitution, of which a reasonable official in their circumstances would have known.

## COMPLIANCE WITH NEW YORK GENERAL MUNCIPAL LAW §50-h

18.     Plaintiff served a timely Notice of Claim upon the County of Suffolk within the requisite time period.

19.     On June 9, 2017, Ms. Walker attended an examination pursuant to New York General Municipal Law § 50-h.

20.     More than thirty days have elapsed since plaintiff served her Notice of Claim and the County has not offered adjustment or payment of her claim.

## STATEMENT OF FACTS

21.     Aaron Gause was born at Nassau County Medical Center in East Meadow, New York on June 4, 1991.

22.     On or about November 23, 2016, Mr. Gause was arrested in Suffolk County, upon information and belief, for operating a motor vehicle with a suspended license.

23.     Following Mr. Gause's arrest, he was taken to Yaphank Correctional Facility ("Yaphank"), where he was processed and incarcerated.

24.     Upon information and belief, SCSO officials at Yaphank knew that Mr. Gause had a history of heroin use because of previous arrests and incarcerations.

25.     Upon information and belief, Mr. Gause was transported from Yaphank to Brookhaven Memorial Hospital's ("Brookhaven") emergency room the night of his arrest.

26.     Upon information and belief, SCSO officers observed Mr. Gause to be in a daze and unresponsive at Brookhaven, behavior consistent with drug withdrawal symptoms.

27.     Upon information and belief, at Brookhaven, Mr. Gause was diagnosed with a heart condition, tachycardia.

28.     Tachycardia is also a symptom of opioid withdrawal.

29.     Upon information and belief, after Mr. Gause was examined by doctors at Brookhaven, he was returned to Yaphank.

30.     Upon information and belief, following Mr. Gause's examination at Brookhaven, SCSO officers knew that he had three needle puncture marks on his left arm, consistent with heroin injection.

31.     Upon information and belief, SCSO officers at Yaphank knew that Mr. Gause was experiencing heroin withdrawal upon his return from Brookhaven.

32.     Upon information and belief, Mr. Gause did not receive medical treatment after returning to Yaphank, despite being diagnosed with a heart condition and experiencing heroin withdrawal.

33.     Upon information and belief, Mr. Gause was not placed on a heightened supervision schedule at the jail, despite having a serious medical condition that required a hospital visit.

34.     Upon information and belief, the last time that Mr. Gause was seen alive was when he was placed alone in a Yaphank jail cell on the evening of November 24, 2016.

35.     Upon information and belief, the next time that SCSO officers checked on Mr. Gause was at 6:10 am on November 25, 2016, when they found his unresponsive body in his jail cell.

36.     Upon information and belief, Mr. Gause was transferred from Yaphank to Brookhaven at approximately 6:30 am, where he was pronounced dead at 6:58 am.

37.     The Suffolk County Office of the Medical Examiner determined that Mr. Gause's death was caused by a mixed drug intoxication with early pneumonia.

38.     Less than a week after Mr. Gause passed away, his mother received a phone call from an employer who recently interviewed Mr. Gause. The employer was calling to offer Mr. Gause a job.

39.     Upon information and belief, the supervision provided at Yaphank was deliberately indifferent to Mr. Gause's serious medical needs and, as a result, he died in the custody of the County of Suffolk and its officials.

40.     Defendants' conduct caused Mr. Gause to suffer physical, mental, emotional and financial injuries, deprived him of his constitutional rights, resulted in his wrongful death, and resulted in the loss of decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support. In addition to these damages, plaintiff is entitled to recover the reasonable value of funeral and burial expenses.

41.     As a further direct and proximate result of the negligence and deliberate indifference of defendants, plaintiff has been deprived of Mr. Gause's financial support.

42.     Each individual defendant acted recklessly or with callous indifference to Mr. Gause's life-threatening physical and/or medical condition and to his constitutional rights. Plaintiff, as Mr. Gause's successor in interest, is therefore entitled to an award of punitive damages against the individual defendants.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1983 – Individual Defendants Violations of**
**Plaintiff's First, Eighth, and Fourteenth Amendment Rights)**

43.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

44.     By the actions and omissions described above, the defendants violated 42 U.S.C. § 1983, by depriving plaintiff and decedent of the following well-settled constitutional rights that are protected by the First, Eighth, and Fourteenth Amendments to the United States Constitution:

a.     The right to be free from deliberate indifference to Mr. Gause's serious medical needs while in custody and confined in jail as a pretrial detainee, as secured by the Eighth and Fourteenth Amendment; and

b.     The right to be free from wrongful government interference with familial relationships and plaintiff's right to companionship, society, and support, as secured by the First and Fourteenth Amendments.

45.     In committing the acts and omissions complained of herein, defendants breached their affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

46.     These Defendants, acting under the pretense and color of law, permitted, tolerated, and were deliberately indifferent to a pattern, policy, or practice that failed to recognize the need for heightened supervision for incarcerated people with serious medical condition.

47.     By reason of the foregoing, and by failing to diagnose and/or treat Mr. Gause's serious medical condition, these defendants deprived Mr. Gause and Ms. Walker of rights, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the First, Eighth, and Fourteenth Amendments of the United States Constitution.

48.     Defendants were deliberately indifferent to Mr. Gause's serious medical condition prior to his death by failing to respond to his need for medical assistance and heightened supervision by SCSO officers.

49.     As a direct and proximate result of defendants' deprivation of Mr. Gause's constitutional rights, he suffered the injuries and damages set forth above.

50.     These Defendants committed the foregoing acts intentionally, willfully, wantonly, maliciously, and/or with such reckless disregard of consequences as to reveal a conscious indifferent to the clear risk of death or serious injury to Mr. Gause that shocks the conscience. They are therefore also liable for punitive damages.

## SECOND CAUSE OF ACTION
### (Wrongful Death Against COUNTY and Individual Defendants)

51.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

52.     The acts of defendants, alleged herein, wrongfully caused the death of Mr. Gause.

53.     As a direct and proximate result of defendants' violations of the constitutional rights of Mr. Gause, which resulted in his death, Ms. Walker, individually and as proposed

administrator of the estate of Aaron Gause, claims as damages pecuniary loss including medical expenses, funeral expenses and lost earnings, as well as non-economic damages including conscious pain and mental anguish and physical injuries suffered by the Mr. Gause prior to his death and the consequential loss of enjoyment of life.

## THIRD CAUSE OF ACTION
### (State Constitutional Claim under Article I § 5
### Against Individual Defendants)

54.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

55.     By reason of the foregoing, by denying Mr. Gause adequate medical care, defendants deprived him of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I § 5 of the New York Constitution.

56.     Defendants acted under pretense and color of state law and in their individual capacities and within the scope of their respective employment. Said acts by defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants willfully, knowingly, and with the specific intent to deprive Mr. Gause of his constitutional rights secured by Article I § 5 of the New York Constitution.

57.     Defendants, their officers, agents, servants, and employees, were responsible for the deprivation of Mr. Gause's state constitutional rights.

58.     These defendants committed the foregoing acts intentionally, willfully, wantonly, maliciously, and/or with such reckless disregard of consequences as to reveal a conscious indifferent to the clear risk of death or serious injury to Mr. Gause that shocks the conscience. They are therefore also liable for punitive damages.

## FOURTH CAUSE OF ACTION
### (Negligence Against Individual Defendants)

59.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

60.     Defendants owed Mr. Gause a duty to exercise reasonable care not to act in a manner that unreasonably threatened his health and safety, including, but not limited to, adequately monitoring his physical condition.

61.     Defendants breached their duty of care and were grossly negligent by, *inter alia*, recklessly and negligently:

    a.    Failing to monitor Mr. Gause's physical wellbeing after bringing him back from the Brookhaven Emergency Room;

    b.    Failing to provide Mr. Gause with medical attention when it was urgently needed;

    c.    Failing to treat him during the incident that resulted in his death; and

    d.    Otherwise recklessly and/or intentionally causing Mr. Gause to sustain injury that resulted in his death.

62.     Defendants' acts and failure to act caused Mr. Gause to sustain grievous bodily injury including physical and mental pain and, ultimately, his death.

63.     These defendants committed the foregoing acts intentionally, willfully, wantonly, maliciously, and/or with such reckless disregard of consequences as to reveal a conscious indifferent to the clear risk of death or serious injury to Mr. Gause that shocks the conscience. They are therefore also liable for punitive damages.

## FIFTH CAUSE OF ACTION
### (Negligent Hiring, Training, and Supervision
### Under State Law Against County)

64.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

65.     Defendant County was negligent in hiring, screening, training, supervision and retention of individually named defendants.

66.     These defendants committed the foregoing acts intentionally, willfully, wantonly, maliciously, and/or with such reckless disregard of consequences as to reveal a conscious indifferent to the clear risk of death or serious injury to Mr. Gause that shocks the conscience. They are therefore also liable for punitive damages.

## SIXTH CAUSE OF ACTION
### *Respondeat Superior* Against Suffolk County

67.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

68.     At all relevant times, defendants DOES were employees of the County and were acting within the scope of their employment.

69.     The County is therefore vicariously liable under the doctrine of *respondeat superior* for the actions of DOES set forth herein.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff demands the following relief against the Defendants, jointly and severally:

(a)     compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b)     punitive damages to the extent allowable by law;

(c)     attorneys' fees;

(d)     the costs and disbursements of this action;

(e)     interest;

(f)     such other and further relief as the Court deems just and proper.

Dated:    February 22, 2018
          New York, New York

                              BELDOCK LEVINE & HOFFMAN LLP
                              99 Park Avenue, PH/ 26th Fl.
                              New York, New York 10016
                              (212) 490-0400


                              _____
                              Keith Szczepanski
                              David B. Rankin

                              *Attorneys for Plaintiff Ilisia Walker,*
                              *Individually and as Proposed Administrator*
                              *of the Estate of Aaron Gause*